UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION
CASE NO. _____

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 SEP -6 PM 3: 51

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

**AMANDA TURNER**
9068 Florence Hill Road
Florence, Indiana 47020,

    Plaintiff

1:11-cv-1201 WTL-DML

Vs.

**HILL-ROM MANUFACTURING, INC.**
Serve: Agent for Service of Process
CT Corporation System
251 East Ohio Street, Suite 1100
Indianapolis, Indiana 46204,

    Defendant

---

### COMPLAINT AND JURY DEMAND

---

Now comes the Plaintiff, Amanda Turner, by and through counsel, and for her Complaint against Defendant, Hill-Rom Manufacturing, Inc., states as follows:

### PARTIES

1. Plaintiff, Amanda Turner, is an individual citizen of the State of Indiana.

2. Defendant, Hill-Rom Manufacturing, Inc., ("Hill-Rom") is a corporation organized and existing under the laws of the State of Indiana and which maintains its principle place of business in Batesville, Indiana.

## JURISDICTION AND VENUE

3. Plaintiff brings this Complaint under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*

4. With respect to Plaintiff's claims under the ADA, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received her Notice of Right to Sue. Plaintiff has initiated this action under the ADA within the time allowed under the ADA and the Notice of Right to Sue.

5. This Court has jurisdiction over the claims set forth in Plaintiff's Complaint pursuant to 28 U.S.C. § 1331, in that the claims arise under federal law.

## STATEMENT OF FACTS

6. Plaintiff, Amanda Turner, was employed with Defendant, Hill-Rom, in the receiving department. Plaintiff started work with Hill-Rom in 2005.

7. On May 4, 2010, Plaintiff awoke at approximately 6:00 a.m., suffering from severe pain. Plaintiff was due to start work that day with Defendant at 8:00 a.m.

8. Plaintiff took some Ibuprofen in an effort to relieve her pain, but the medication was ineffective in providing adequate relief. Nonetheless, Plaintiff started her shift at Hill-Rom at 8:00 a.m.

9. At approximately 9:00 a.m., Plaintiff notified her tem leader, Randall Dowd, that she was ill and needed to leave work for the day to seek medical treatment.

10. Plaintiff went to Batesville Urgent Care on May 4, 2010, where she underwent blood and urine testing in an effort to discover the cause of her extreme pain.

11. Batesville Urgent Care instructed Plaintiff to go to Margaret Mary Hospital for x-rays and a CT Scan.

12. Plaintiff called her team leader, Randall Dowd, and informed him of her medical status before she went to Margaret Mary Hospital.

13. Plaintiff proceeded to the hospital and had the diagnostic testing performed. After said testing was concluded, but before she returned to Batesville Urgent Care, Plaintiff called Tonya Alford, who is employed in Hill-Rom's Human Resources Department, to inform her of her medical condition. During said conversation, Tonya Alford told Plaintiff to apply for leave under the FMLA and to contact Unum, the company that handles FMLA issues for Hill-Rom, in order to obtain said leave.

14. Plaintiff immediately contacted Unum to advise Unum of her medical condition and the need for leave under the FMLA.

15. Thereafter, Plaintiff returned to Batesville Urgent Care to learn the results of the testing performed at the hospital. Plaintiff was informed that she had a kidney stone and a cyst on her right ovary.

16. Plaintiff informed both Randall Dowd and Tonya Alford of the diagnosis, that she had been ordered to take a leave of absence pursuant to the instructions of her doctor, and that she would need to take FMLA leave. Plaintiff also contacted Unum and provided Unum with the medical diagnosis and confirmed that she would need to take leave under the FMLA.

17. At that time, Unum informed Plaintiff that she had been approved for both short term disability and for FMLA leave for the period from May 4, 2010 through May 9, 2010.

18. On May 9, 2010, Plaintiff returned for follow up treatment at Batesville Urgent Care. At that time, Plaintiff was referred to Midwest Urology for further medical treatment.

3

Plaintiff informed Hill-Rom of her medical status and that the additional medical treatment might necessitate an extension of her leave time under the FMLA.

19. On May 10, 2010, Plaintiff was scheduled for surgery, which surgery was to take place on May 11, 2010. Also, on May 10, 2010, Plaintiff informed Hill-Rom of the date and time of her scheduled surgery.

20. Plaintiff underwent surgery on May 11, 2010. Plaintiff informed both Hill-Rom and Unum of the surgery and that, as a result thereof, she would need additional FMLA leave.

21. Based on information provided by her doctor, Unum and Hill-Rom approved Plaintiff for additional FMLA leave up to and including May 17, 2010.

22. Plaintiff returned to work on May 18, 2010 and worked without incident until May 21, 2010.

23. On May 21, 2010, Plaintiff was informed by Jeff Gerhardt, her supervisor, and Tonya Alford of the Human Resources Department, that her employment was terminated as a result of her absences in May 2010, all of which were FMLA protected leave.

## COUNT ONE

24. Plaintiff incorporates herein, as if fully set forth, paragraphs 1 through 23 of this Complaint.

25. At all times relevant hereto, Defendant was a covered employer under the FMLA.

26. At all times relevant hereto, Plaintiff was a covered employee under the FMLA. In the year preceding May 4, 2010, Plaintiff had worked more than 1,250 hours for Defendant and had been employed by said Defendant for more than one (1) year.

27. The health condition for which Plaintiff sought treatment in May 2010 was a serious health condition within the meaning of the FMLA.

28. Defendant interfered with Plaintiff's use of FMLA leave by terminating her for taking approved FMLA leave and by refusing to reinstate her following the conclusion of said FMLA leave.

29. Defendant, further, retaliated against Plaintiff for taking FMLA leave by terminating her employment and refusing to reinstate her following the conclusion of said FMLA leave.

30. As a result thereof, Plaintiff is entitled to recover her lost wages and employment benefits and any other compensation lost as a result of the violations of the FMLA and is entitled to her attorney's fees, costs reinstatement and other equitable relief pursuant to 29 U.S.C. § 2617(a).

31. Moreover, Defendant's actions were not undertaken in good faith and Defendant had no reasonable grounds to believe its conduct was in compliance with the FMLA, authorizing the imposition of liquidated damages under 29 U.S.C. § 2617.

## COUNT TWO

32. Plaintiff incorporates herein, as if fully set forth, paragraphs 1 through 31 of this Complaint.

33. Plaintiff's medical condition qualifies as a "disability" within the meaning of the ADA.

34. Defendant discriminated against Plaintiff on the basis of her disability by failing to provide reasonable accommodation to her disability. Defendant refused to consider light duty work for Plaintiff so as to enable her to return to work and, further, Defendant failed to honor Plaintiff's request for leave, terminating Plaintiff for taking leave, even though said request for leave was approved for both short term disability leave and FMLA leave.

35. As a result thereof, Plaintiff has suffered loss of income and benefits and has suffered severe emotional distress.

36. As a result thereof, Plaintiff is entitled to damages as herinabove set forth.

WHEREFORE, Plaintiff demands judgment as follows:

A. For actual and liquidated damages under the FMLA;

B. For actual and compensatory damages under the ADA;

C. For the costs of this action under both the FMLA and ADA;

D. For attorney's fees under the FMLA and ADA;

E. For equitable relief, including front pay and/or reinstatement; and

F. For any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ C. Ed Massey*
C. Ed Massey
Blankenship Massey & Steelman, PLLC
504 Erlanger Road
Erlanger, KY 41018
859-426-9000
859-426-9001 (Fax)
cedmassey@nkylawyers.com

*/s/ Deborah McKenery*
Deborah McKenery
106 Harrison Ave
Harrison, OH, 45030
(513) 367-6133
(513) 367-7801 (Fax)

## JURY DEMAND

Now comes the Plaintiff and hereby demands a trial by jury.

_____
C. Ed Massey